# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| ANTHONY WILLIAM TORREZ, | ) | |
| | ) | Case No. 3:21-cv-128 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| SEVIER COUNTY, TENNESSEE, and | ) | |
| JOHN DOES | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On July 27, 2021, the Court entered an Order providing that Plaintiff would have fourteen days from the date of entry of the Order to show cause as to why this matter should not be dismissed for Plaintiff's failure to properly effect service within the time required by Rule 4(m) of the Federal Rules of Civil Procedure. (*See* Doc. 4.) The deadline has passed, and Plaintiff has not complied with the Order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

The Court finds that Plaintiff has willfully failed to respond or otherwise comply with the Court's Order, despite the Court's demand that Plaintiff show cause why this action should not be dismissed. (*See* Doc. 4, at 1–2.) Defendant Sevier County, Tennessee, has not been prejudiced by Plaintiff's actions, as it has not yet been served. By entering its Order to show cause, the Court attempted to resolve this issue with a less drastic sanction than dismissal. However, Plaintiff, a prisoner proceeding pro se, has failed to communicate with the Court or otherwise prosecute this case timely.

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b). Accordingly, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b), and this action will be **DISMISSED**.

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

2